# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| DANIEL VASQUEZ, Individually and On Behalf of All Similarly Situated Persons, | § | |
| Plaintiff | | |
| v. | § | Civil Action No. 4:20-cv-1703 |
| KEENER CONSTRUCTION, LLC, | | |
| Defendant | § | Jury Demanded |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Defendant Keener Construction, LLC ("Keener" or "Defendant") has a business plan that includes hiring salaried construction workers and misclassifying them as independent contractors. Keener does this in order to avoid paying Social Security and Medicare taxes, unemployment premiums, workers compensation premiums, and overtime pay, and to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Daniel Vasquez ("Vasquez" or "Plaintiff") is one of the many workers hired by Keener as a construction worker "contractor." Vasquez brings this lawsuit on his own behalf and on behalf of his former co-workers against Defendant to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1. Keener is a construction company that refurbishes older apartment complexes. Vasquez worked for Keener as a worker on a construction crew of about 9 individuals from November of 2018 until February of 2020. Vasquez's duties included, but were not limited to, interior demolition work, electrical work, plumbing, flooring and painting.

2. During the time he worked for the Defendant, Vasquez regularly worked in excess of 40 hours per week; he usually worked 60 or more hours per week.

3. Defendant paid Vasquez on a salary basis, that is, paid him the same amount of pay each week, irrespective of hours worked. Defendant also paid Vasquez and his co-workers an incentive bonus of 10% of their weekly pay if the crew finished the refurbishment of 3 apartments in a week. Defendant, however, did not pay Vasquez an overtime premium for any of the hours he worked in excess of 40 in a workweek. Instead, Vasquez was paid the same salary rate for all the hours he worked.

4. Vasquez worked with numerous other individuals who were paid on a salary basis and who were misclassified as independent contractors. These individuals were also construction workers who also regularly worked over 40 hours per week, and who were also not paid overtime pay for hours they worked in excess of 40 per workweek. Instead, the Defendant also paid these other individuals a set salary for all hours that they worked, including those hours over 40 in a workweek.

**Allegations Regarding FLSA Coverage**

5. Defendant Keener is a Delaware limited liability company that is covered by and subject to the overtime requirements of the FLSA.

6. During each of the three years prior to this complaint being filed, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7. During each of the three years prior to this complaint being filed, Defendant

regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

8. During each of the three years prior to this complaint being filed, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, Defendant's employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

### Plaintiff's Claims

10. Defendant was legally required to pay Vasquez and his similarly situated construction worker co-workers ("Members of the Class") overtime pay for all hours that these individuals worked for Defendant in excess of 40 in any workweek.

11. Vasquez worked over 40 hours in most or all of the workweeks that he worked for Defendant.

12. Members of the Class worked over 40 hours in many workweeks that they worked for Defendant.

13. Defendant did not pay Vasquez time-and-a-half for any of the overtime hours that he worked for the Defendant. Similarly, Defendant did not pay the Members of the Class time-and-a-half for any of the overtime hours that they worked for the Defendant.

14. The Defendant intentionally misclassified the Plaintiff and his co-workers as independent contractors in order to try to avoid responsibilities that come with having employees: paying Social Security taxes, paying for unemployment insurance, workers

compensation insurance, and to avoid paying overtime to those individuals. In addition to wrongfully taking money and benefits from its employees, Defendant's intentional and knowing actions allowed Defendant to gain an unfair advantage over its competition in the marketplace.

15. The Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff and Members of the Class. Such practice was and continues to be with regard to the Members of the Class, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

16. Defendant violated the FLSA by failing to pay Vasquez and Members of the Class overtime pay for hours worked over 40 per workweek.

17. Vasquez and Members of the Class have suffered damages as a direct result of Defendant's illegal actions.

18. Defendant is liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Collective Action Allegations

19. The Defendant's failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class; that is, paying construction workers on a salary basis with no overtime. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

20. The class of similarly situated Plaintiffs is properly defined as:

> **All construction workers who are/were engaged by and paid on a salary basis, and who were classified as independent contractors or contract laborers by Defendant Keener Construction, LLC during the three-year period preceding the filing of this Complaint.**

## Defendant, Jurisdiction, and Venue

21. Defendant Keener Construction, LLC ("Keener") is a Delaware limited liability company and an "employer" as defined by the FLSA. Defendant Keener may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

22. This Court has federal question jurisdiction under the FLSA, and venue is proper under 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

23. Plaintiff demands a trial by jury.

## Prayer for Relief

Plaintiff and all employees similarly situated who join in this action pray for:

1. Issuance of notice as soon as possible to all persons performing construction work who are/were employed by and paid on a salary basis and classified as independent contractors or contract laborers by Keener Construction, LLC during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8. For such further relief as the Court deems just and equitable.

Respectfully submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF DANIEL VASQUEZ**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF**